IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **AMGUARD INSURANCE COMPANY** | **CIVIL ACTION NO.: 3:23-cv-409** |
| **Plaintiff,** | **JURY TRIAL DEMANDED** |
| v. | |
| **FIFTH ELEMENT FIRE PROTECTION, L.L.C. AND UNIFOUR FIRE & SAFETY,** | |
| **Defendants.** | |

## COMPLAINT

NOW COMES Plaintiff, AmGUARD Insurance Company, by and through its undersigned counsel, and complaining of Defendants says and alleges as follows:

## PARTIES

1. AmGUARD Insurance Company (hereinafter "Plaintiff" or "Guard" or "subrogee") is a commercial entity organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 16 South River Street, Wilkes-Barre, PA 18703.

2. At all times relevant hereto, Guard was duly authorized to engage in the business of insurance in the State of North Carolina and it provided insurance coverage to Magnolia Gardens Housing LLC ("Magnolia", "insured" or "subrogor") in connection with its business property located at 5233 Beatties Ford Road Charlotte, NC 28216 ("subject property"), under a policy of insurance which was in full force and effect on all relevant dates, and at all relevant times.

3. As a result of the actions, inactions, and/or omissions of Defendant as described below, claims were made on said policy and Guard is and/or may become subrogated to certain

rights and interests of Magnolia for monies paid thereunder, including the claims giving rise to the within cause of action.

4. Defendant Fifth Element Fire Protection, L.L.C. ("Fifth Element") is a corporation organized under the laws of the State of North Carolina, with its principal place of business located at 104 Morgan Branch Road, Weaverville, NC 28787.

5. At all times material hereto, upon information and belief, Defendant Fifth Element, was in the business of designing, installing, building, inspecting and servicing fire protection systems, including the sprinkler system at issue in this action.

6. Defendant Unifour Fire & Safety ("Unifour") is a corporation organized under the laws of the State of North Carolina, with its principal place of business located at 1025 Tate Boulevard SE, Hickory, NC 28602.

7. At all times material hereto, upon information and belief, Defendant Unifour, was in the business of inspecting, maintaining, and servicing fire protection systems, including the sprinkler system at issue in this action.

## JURISDICTION AND VENUE

8. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

9. Venue is proper in this district based on 28 U.S.C. §1391(b)(2) & (3) in that the loss location is located in Mecklenburg County which is within this district.

## STATEMENT OF FACTS

10. The preceding allegations of this Complaint are realleged and incorporated herein by reference

11. The subject property maintains a dry pipe fire suppression system a/k/a dry sprinkler system, meaning the pipe should not have water in it unless a sprinkler head had been activated during a fire.

12. Upon information and belief, on or about December 22, 2017, Defendant Fifth Element, designed the dry sprinkler system for the subject property.

13. At some point in time after December 22, 2017, Defendant Fifth Element installed the aforementioned dry sprinkler system at the subject property.

14. On or about December 25, 2022, the dry sprinkler system in the senior living facility failed within the ceiling of residential unit 322 as the result of a "freeze-break"; water was released into the space below causing extensive water damage to subrogor's real and personal property as well as the imposition of business interruption, additional expenses and hardship.

15. After the December 25th event, it was determined that a low point auxiliary drain located within the ceiling of residential unit 322 was not drained as a result of the Defendant's failure to identify it in the sprinkler drawings or any other plans, instructions, placards, or signage located in the building itself. Specifically, the Defendant did not install any signs in the first-floor riser room, first floor alarm panel room, or the 3rd floor room where the dry valve was located.

16. The sprinkler plans designed for the installation of the system did not call for a drain in the location where Defendant Fifth Element installed said drain. Defendant Fifth Element made the conscious decision to deviate from the plans by installing a drain not called for on the plans. Defendant Fifth Element knew that prospective sprinkler contractors hired to inspect and maintain the sprinkler system would have relied upon the sprinkler plans in order to perform their duties, yet Defendant did not update the sprinkler drawings showing the location of the drain or provide "as-built" plans." Defendant Fifth Element's actions were willful and wanton and

demonstrated a conscious and reckless disregard for the safety and rights of Plaintiff's insured.

17. Since the drain was not identified on the plans, the water was not drained from the portion of dry sprinkler pipe serviced by that drain, it froze and ruptured the pipe and fitting as a result.

18. Further, Defendant Fifth Element should have never used a "ball-valve" drain based upon the configuration of the sprinkler system and the amount of water serviced by such a drain. Had Defendant Fifth Element installed a "drum drip" at the end of the hallway as required, this event would not have occurred.

19. For the year preceding the incident, Defendant Unifour was responsible for inspecting, servicing, and maintaining the subject property's fire protection system.

20. In May of 2022, Defendant Unifour performed its "annual inspection" of the dry pipe sprinkler system. Upon information and belief, Defendant Unifour caused the dry pipe system to be flooded with water in order to perform certain testing.

21. After the dry system was flooded in order to perform certain testing, Defendant Unifour reported to Plaintiff's insured that all low-point drains had been drained. However, that was not the case. Defendant Unifour failed to locate the relevant low-point drain.

22. The damages incurred by the Plaintiff's insured as a result of the water damage were directly and proximately caused by the actions of the Defendant and paid for pursuant to Plaintiff's insurance policy with the subrogor.

## COUNT I – NEGLIGENCE AS TO
## FIFTH ELEMENT FIRE PROTECTION, L.L.C.

23. The preceding allegations of this Complaint are realleged and incorporated herein by reference.

24. The aforementioned damages were the direct and proximate result of the negligence

and carelessness of Fifth Element, by and through its employees, agents, technicians, vendors, subcontractors, and/or servants, more specifically described as follows:

    (a) failing to exercise reasonable care in the following manner:

        i. failing to properly and adequately supervise, monitor and/or manage the design, installation, service, maintenance and/or inspection of the sprinkler/fire suppression system, and its handling thereafter, so as to prevent this loss;

        ii. creating, maintaining or permitting to be maintained a hazardous and/or dangerous condition of the sprinkler system/fire suppression system being susceptible to freezing and breaking;

        iii. failing to take adequate measures to ensure that the sprinkler/fire suppression system was properly and safely installed by ensuring heat or appropriate drainage;

        iv. failing to take necessary precautions to protect Plaintiff and others by remediating, marking, fixing or notifying and/or alerting Plaintiff concerning the existence of the aforementioned unsafe condition as noted above; and

        v. failing to have the system properly inspected and/or tested to make sure that it functioned and was designed and installed properly as required by the sprinkler pipe manufacturer's specifications and instructions; the National Fire Protection Association 13 and 25 guidelines; and/or North Carolina State Building Code, Fire Prevention Code; and County of Mecklenburg requirements.

    (b) failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

    (c) failing to adequately warn Plaintiff and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

    (d) failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

    (e) failing to properly monitor the work of all agents and/or employees during the inspection, maintenance, and/or upkeep of the sprinkler/fire suppression system to ensure it was safe and in compliance with applicable safety standards; and

    (f) failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above.

    (g) failing to properly install the sprinkler/fire suppression system in accordance with the approved plans and specifications.

## COUNT II—NEGLIGENCE PER SE AS TO FIFTH ELEMENT FIRE PROTECTION, L.L.C.

25. The preceding allegations of this Complaint are realleged and incorporated herein by reference.

26. Defendant's violations of the National Fire Protection Association ("NFPA") Code, and other safety regulations outlined above constitute negligent per se when it failed to install proper signage and an appropriate drain for the location described above. Defendant violated, among others, the following Code provisions: NFPA 13 (2013), 25.6, 25.6.2, 8.16.2.5.3.7, 8.16.2.5.3.5, and 8.1.2.

27. As a direct and proximate result of Defendant's aforementioned actions, and/or omissions, Plaintiff was caused to pay their insureds for the significant damages to its real and personal property as well as the imposition of additional hardships besides and Defendant is therefore liable to the Plaintiff for the damages.

## COUNT III—GROSS NEGLIGENCE AS TO FIFTH ELEMENT FIRE PROTECTION, L.L.C.

28. The preceding allegations of this Complaint are realleged and incorporated herein by reference.

29. Defendant's actions alleged above, including without limitation, deviating from the plans and specifications in the installation of the sprinkler/fire suppression system actions were willful and wanton and demonstrated a conscious and reckless disregard for the safety and rights of Plaintiff's insured and constitute gross negligence.

30. As a direct and proximate result of Defendant's aforementioned actions, and/or

omissions, Plaintiff was caused to pay their insureds for the significant damages to its real and personal property as well as the imposition of additional hardships besides and Defendant is therefore liable to the Plaintiff for the damages.

### COUNT IV-BREACH OF CONTRACT
### AS TO FIFTH ELEMENT FIRE PROTECTION, L.L.C.

31. The preceding allegations of this Complaint are realleged and incorporated herein by reference.

32. Through the careless, negligent, and other unlawful conduct on the part of Defendant Fifth Element, through its servants, employees, and/or agents as described herein, Defendant Fifth Element breached the express and implied terms of the contract.

33. Guard and Magnolia have performed all conditions precedent to recover based upon such breaches.

34. As a direct and proximate result of the breach of contract by Defendant Fifth Element, Plaintiff's insured sustained and incurred damage to its real and personal property, along with the imposition of additional expenses and hardship besides, in the amount of $3,425,010.24.

35. As a result of claims made on said policy (which were duly paid pursuant thereto), Guard became subrogated to certain rights and interests of Magnolia for monies paid thereunder, including the claims giving rise to the cause of action.

### COUNT V-BREACH OF WARRANTIES
### AS TO FIFTH ELEMENT FIRE PROTECTION, L.L.C.

36. The preceding allegations of this Complaint are realleged and incorporated herein by reference.

37. In furtherance of the aforementioned services performed, Defendant Fifth Element,

had impliedly warranted that all work performed would be done in a reasonably careful, prudent and workman-like manner, and/or with quality workmanship

38. Based upon the aforementioned improper conduct on the part of the Defendant Fifth Element, personally and through servants, employees, and/or agents as set forth above, Defendant Fifth Element, breached these warranties.

39. As a direct and proximate result of these breaches, Plaintiff suffered the aforementioned damages to its real and personal property, as well as additional expenses.

40. Plaintiff has performed all conditions precedent to recover based upon such breaches.

## COUNT VI – NEGLIGENCE
## AS TO UNIFOUR FIRE & SAFETY

41. The preceding allegations of this Complaint are realleged and incorporated herein by reference.

42. The aforementioned damages were the direct and proximate result of the negligence and carelessness of Defendant Unifour, by and through its employees, agents, technicians, vendors, subcontractors, and/or servants, more specifically described as follows:

(a) failing to exercise reasonable care in the following manner:

  i. failing to properly and adequately supervise, monitor and/or manage the service, maintenance and/or inspection of the sprinkler/fire suppression system, and its handling thereafter, so as to prevent this loss;

  ii. creating, maintaining or permitting to be maintained a hazardous and/or dangerous condition of the sprinkler system/fire suppression system being susceptible to freezing and breaking;

  iii. failing to take adequate measures to ensure that the dry sprinkler/fire suppression system was properly and safely maintained by ensuring appropriate drainage;

iv. failing to take necessary precautions to protect Plaintiff and others by remediating, marking, fixing or notifying and/or alerting Plaintiff concerning the existence of the aforementioned unsafe condition as noted above; and

v. failing to have the system properly inspected and/or tested to make sure that it functioned and was designed and installed properly as required by the sprinkler pipe manufacturer's specifications and instructions; the National Fire Protection Association 13 and 25 guidelines; and/or North Carolina State Building Code, Fire Prevention Code; and County of Mecklenburg requirements.

(b) failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

(c) failing to adequately warn Plaintiff and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

(d) failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

(e) failing to properly monitor the work of all agents and/or employees during the inspection, maintenance, and/or upkeep of the sprinkler/fire suppression system to ensure it was safe and in compliance with applicable safety standards; and

(f) failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above.

43. As a direct and proximate result of Defendant's aforementioned actions, and/or omissions, Plaintiff was caused to pay their insureds for the significant damages to its real and personal property as well as the imposition of additional hardships besides and Defendant is therefore liable to the Plaintiff for the damages.

WHEREFORE, Plaintiff, AmGUARD Insurance Company, respectfully prays the Court as follows:

1. For judgment against Defendant Fifth Element on its claim for negligence;

2. For judgment against Defendant Fifth Element on its claim for negligence per se;

3. For judgment against Defendant Fifth Element on its claim for gross negligence;

4. For judgment against Defendant Fifth Element on its claim for breach of contract;

5. For judgment against Defendant Fifth Element on its claim for breach of warrant;

6. For judgment against Defendant Unifour on its claim for negligence;

7. For a trial by jury on all issues so triable; and

8. For such other and further relief as this Court deems just and proper.

**Respectfully submitted this the 7th day of July, 2023.**

                       **POYNER SPRUILL LLP**

                       BY: s/Daniel G. Cahill
                       **Daniel G. Cahill**
                       NC State Bar No.: 20887
                       301 Fayetteville Street
                       Suite 1900
                       Raleigh, North Carolina 27601
                       919.783.6400
                       919.783.1075 (fax)
                       dcahill@poynerspruill.com
                       **ATTORNEYS FOR PLAINTIFF**